

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2006

# Davis v. US Dept of Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3771

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Davis v. US Dept of Justice" (2006). *2006 Decisions.* Paper 1076.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1076

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3771
_____

MICHAEL DAVIS,

Appellant

v.

U.S. DEPT. OF JUSTICE;
FBOP; WARDEN WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01030)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2006

Before:  MCKEE, FUENTES AND NYGAARD,  CIRCUIT JUDGES.

(Filed: May 19, 2006)

_____

OPINION
_____

PER CURIAM

Appellant Michael Davis appeals the order of the United States District Court for

the Middle District of Pennsylvania denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

Davis, an inmate housed at the United States Prison-Allenwood, was subjected to a search of his cell. A correctional officer found a seven-inch sharpened metal rod, which Davis alleges was in fact a sardine can lid, inside a locked locker containing items belonging to Davis. An incident report was written, charging Davis with possession, manufacture, or introduction of a weapon. A disciplinary hearing was conducted, at which Davis was represented by a staff member. Davis denied the charges, made a statement, and submitted evidence in his defense. Davis was found to have committed the acts as charged and was sanctioned to sixty days in disciplinary segregation.

Davis filed in District Court a section 2241 habeas petition, seeking expungement of the offense from his record. Davis alleged that his due process rights were violated during the various stages of the disciplinary proceedings. The prison respondents filed a response. The District Court denied the habeas petition and denied Davis's subsequent motion for reconsideration.

Davis appeals both orders. We have appellate jurisdiction under 28 U.S.C. § 1291. In this federal habeas proceeding, we exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

Upon consideration of the record and the parties' arguments on appeal, we agree

with the District Court's conclusion that habeas relief is not available to Davis because he is not challenging the fact or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  A habeas petition would be the proper means of seeking relief if the sanction had included loss of good time credits.  See id. at 487.  A sanction of disciplinary segregation, however, does not implicate the fact or length of confinement.[1]  Davis argues that the District Court improperly denied his motion for reconsideration without evaluating his due process claims.  For the same reasons already stated, we discern no error in the denial of the motion for reconsideration, in which Davis expanded upon his due process claims relating to the disciplinary proceedings.[2]

We have considered Davis's arguments and conclude that they are without merit.  For the foregoing reasons, we will affirm the order denying Davis's habeas petition under 28 U.S.C. § 2241.

---

[1] In his affidavit accompanying his habeas petition, Davis implies that the proceedings resulted in the loss of good time credit.  (Habeas Petition, Affidavit at 4 ¶23.)  However, the Discipline Hearing Officer Report reflects that disciplinary segregation was the only sanction imposed.

[2] We note that Davis filed a separate action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and therein included due process claims concerning the disciplinary hearing at issue sub judice.  The matter is currently pending in a separate appeal, C.A. No. 05-4801.